

## St. Clair County
### ILLINOIS

🔍    I Want To...

🏠 › Departments › Circuit Clerk › Courts › Civil Records

Return to Previous Page

| Case Detail | |
|---|---|
| **Case Number:** 20-L-0678 | **Preciding Judge:** HON. HEINZ RUDOLF |
| **Case Filing Date:** 09/04/2020 | **Case Type:** TORT MONEY DAMAG OVER 50,000 |
| **Appearance Type:** MON, NOVEMBER 23, 2020 AT 9:00 AM IN ROOM 403 | **Case Status:** Open |

### Case Participants (Click on a row for details)

| Participant Name | Type | Role | Status | Status Date |
|---|---|---|---|---|
| HON. HEINZ RUDOLF | Judge | Judicial | | UNKNOWN |
| JACKSON, JAMIE | PLAINTIFF | Party | | UNKNOWN |
| MCDONALD, TRENTON | PLAINTIFF | Party | | UNKNOWN |
| NELSON DAVID | ATY PLAINTIFF | Party | | UNKNOWN |
| SFC GLOBAL SUPPLY CHAIN INC | DEFEND PRO SE | Party | | UNKNOWN |

### Register of Actions

| Event Date | Event Description | Party Type | Party Name |
|---|---|---|---|
| 11/23/2020 | CAL:ASSIGN ORD/STAT CONFERENCE | ADMINISTRATION | |
| 10/08/2020 | JUDGE REASSIGNED | ADMINISTRATION | |
| 09/30/2020 | DOC:RECEIPT | ADMINISTRATION | |
| 09/21/2020 | DOC:RECEIPT | ADMINISTRATION | |
| 09/21/2020 | DOC:AFFIDAVIT | ADMINISTRATION | |
| 09/09/2020 | ASM:SCHEDULE 1 | ATY PLAINTIFF | NELSON DAVID |
| 09/09/2020 | DOC:RECEIPT | ADMINISTRATION | |
| 09/04/2020 | DOC:SUMMONS ISSUED | ATY PLAINTIFF | NELSON DAVID |
| 09/04/2020 | DOC:OTHER DOCUMENT NOT LISTED | ATY PLAINTIFF | NELSON DAVID |
| 09/04/2020 | DOC:OTHER DOCUMENT NOT LISTED | ATY PLAINTIFF | NELSON DAVID |
| 09/04/2020 | DOC:MOTION | ATY PLAINTIFF | NELSON DAVID |
| 09/04/2020 | DOC:COMPLAINT FILED | ATY PLAINTIFF | NELSON DAVID |
| 09/04/2020 | OPN:CASE FILED | ATY PLAINTIFF | NELSON DAVID |

**Exhibit A**

I Want To…



**County Office Address**
#10 Public Square
Belleville, IL 62220

**Contact Info**
(618) 277-6600
webmaster@co.st-clair.il.us

Copyright ©2020 St. Clair County, Illinois. All rights reserved.

Privacy Statement   Terms Of Use

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
20L0678
St. Clair County
9/4/2020 3:04 PM
10353418

**CIRCUIT COURT FOR THE 20ᵀᴴ JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR, STATE OF ILLINOIS**

| | | |
|---|---|---|
| JAMIE JACKSON and TRENTON MCDONALD, individually and on behalf of all other similarly situated current Illinois citizens, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 20-L- 0678 |
| v. | ) ) | |
| SFC GLOBAL SUPPLY CHAIN, INC., | ) ) | |
| Defendant. | ) ) | |

## AFFIDAVIT OF DAMAGES

This affidavit is made pursuant to Supreme Court Rule 222(b).  Under the penalties of

perjury as provided by Section 1-109 of the Code of Civil Procedure, the undersigned certifies

that the money damages sought by Plaintiffs herein do exceed $50,000.00.

Dated:  September 4, 2020

Jamie Jackson and Trenton McDonald, Individually, and on Behalf of a Class of Similarly Situated Individuals, Plaintiffs

By:  *David C. Nelson*

David C. Nelson (ARDC 6225722)
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street, P.O. Box Y
Belleville, IL 62222
Tel:     618-277-4000
Email: dnelson@nelsonlawpc.com

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis, MO 63144
Tel:     314-258-0212
Email: matt@mattarmstronglaw.com

Attorneys for Plaintiffs and the Putative Class

Page 1 of 1
Case No:  20-L-

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
20L0678
St. Clair County
9/4/2020 3:04 PM
10353418

**CIRCUIT COURT FOR THE 20ᵀᴴ JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR, STATE OF ILLINOIS**

JAMIE JACKSON and TRENTON )
MCDONALD, individually and on )
behalf of all other similarly situated )
current Illinois citizens, )
 )
  Plaintiffs, ) No. 20-L- 0678
 )
v. )
 )
SFC GLOBAL SUPPLY CHAIN, INC., )
 )
  Defendant. )

## CLASS ACTION COMPLAINT

 Plaintiffs, Jamie Jackson and Trenton McDonald, individually and on behalf of all similarly situated current Illinois citizens, alleges the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

## CASE SUMMARY

 1. This case arises out of Defendant SFC Global Supply Chain, Inc.'s ("Defendant") deceptive, unfair, and false merchandising practices regarding its "Red Baron" brand Brick Oven Cheese Trio Pizza; Classic Crust Four Cheese Pizza; and Thin & Crispy Five Cheese Pizza (the "Pizzas").

 2. On the label of the Pizzas, Defendant prominently represents that the Pizzas have a "PRESERVATIVE FREE CRUST" and contain "NO ARTIFICAL FLAVORS" which leads Illinois citizens to believe that the Pizzas do not contain any preservatives in the crust.

 3. The Pizzas, however, contain Sodium Stearoyl Lactylate, Enzymes and Mono- and Diglycerides (the "Preservatives"). Sodium Stearoyl Lactylate and Enzymes work in combination as an anti-staling agent in breads to preserve the softness of the crust during the product's shelf

life. Mono- and Diglycerides works as an anti-staling agent in baked goods by slowing the retrogradation of starch during the product's shelf life.

4.      The Pizzas contain the Preservatives in direct contravention to their label's express representation that the pizzas have "PRESERVATIVE FREE CRUST."

5.      The Pizzas also contain Modified Food Starch and Hydrolyzed Soy and Corn Protein, all of which are commercially-manufactured and highly processed, and which contain monosodium glutamate (or "MSG") as a byproduct of the protein processing. The only purpose for including these synthetic food additives in the Pizzas is to create an MSG-like flavor in the pizza sauce (the "Synthetic Flavor").

6.      The Pizzas contain the Synthetic Flavor in direct contravention to their label's express representation that the pizzas have "NO ARTIFICAL FLAVORS."

7.      Plaintiffs and reasonable consumers reasonably believe, define, and assume that Pizzas labeled "PRESERVATIVE FREE CRUST" and "NO ARTIFICAL FLAVORS" do not contain any preservatives in the crust or synthetic flavors.

8.      Because the Pizzas contain the Preservatives and the Synthetic Flavor, the representation that the Pizzas have "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS" is unfair, false, deceptive, and misleading.

9.      Plaintiffs bring this case to recover damages for Defendant's false, deceptive, unfair, and misleading marketing and advertising in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), and Illinois common law.

**PARTIES**

10.     Plaintiff, Jamie Jackson, is an Illinois citizen residing in St. Clair County, Illinois. On at least a dozen or more occasions during the Class Period (as defined below), including in July

or August 2020, Plaintiff purchased Red Baron Brick Oven Cheese Trio Pizzas, Classic Crust Four Cheese Pizzas; and Thin & Crispy Five Cheese Pizzas at Schnuck's Market in Belleville, Illinois, for personal, family, or household purposes. The purchase price of the Pizzas was $3.99. Plaintiff's claim is typical of all class members in this regard.

11.     Plaintiff, Trenton McDonald, is an Illinois citizen residing in St. Clair County, Illinois. On at least a dozen or more occasions during the Class Period (as defined below), including in July or August 2020, Plaintiff purchased Red Baron Brick Oven Cheese Trio Pizzas, Classic Crust Four Cheese Pizzas; and Thin & Crispy Five Cheese Pizzas at IGA and Dollar General in Millstadt, Illinois, for personal, family, or household purposes. The purchase price of the Pizzas was $3.99. Plaintiff's claim is typical of all class members in this regard.

12.     Defendant SFC Global Supply Chain, Inc., is a Minnesota corporation with its principal place of business in Marshall, Minnesota.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

14.     Plaintiffs believe and allege that the total value of their individual claims is, at most, equal to the purchase price paid for the Pizzas. There is therefore no diversity jurisdiction over this case.

15.     Because the value of Plaintiffs' claims is typical of all class members with respect to the value of the claim, the total damages of Plaintiffs and Class Members, inclusive of costs and attorneys' fees is far less than the five-million dollars ($5,000,000) minimum threshold to create federal court jurisdiction. There is therefore no CAFA jurisdiction for this case.

16.     Defendant cannot plausibly allege that it had sufficient sales of the Pizzas in Illinois during the Class Period to establish an amount in controversy that exceeds CAFA's jurisdictional threshold.

17.     This Court has personal jurisdiction over Defendant because Defendant has had more than minimum contacts with the State of Illinois and has purposefully availed itself of the privilege of conducting business in this state.  In addition, as explained below, Defendant has committed affirmative tortious acts within the State of Illinois that give rise to civil liability, including distributing the fraudulently labeled Pizzas for sale throughout the State of Illinois.

18.     Venue is proper in this forum pursuant to 735 ILCS 5/2-101 because the transactions out of which the causes of action arose occurred in this county.

19.     Plaintiffs and Class Members do not seek to recover punitive damages or statutory penalties in this case.

## ALLEGATIONS OF FACT

20.     Defendant manufactures, sells, and distributes the Pizzas.

21.     The Pizzas' label states: "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS."

22.     Knowing that consumers like Plaintiffs are increasingly interested in purchasing products that do not contain potentially harmful preservatives or synthetic ingredients, Defendant sought to take advantage of this growing market by labeling its Pizzas as having "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS."

23.     By affixing such a label to the packaging of the Pizzas, Defendant can entice consumers like Plaintiffs to pay a premium for the Pizzas or pay more for them than they otherwise would have had the truth been known.

24.     The label of the Pizzas is deceptive, false, and misleading in that Defendant prominently represents that the Pizzas having "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS," when they do not and are not.

25.     The Pizzas are not in fact free of preservatives in the crust or artificial flavors because they contain the Preservatives and the Synthetic Flavor.

26.     Consistent with FDA guidance, Plaintiffs and reasonable consumers reasonably believe and assume that Pizzas labeled "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS" do not contain any added preservatives or synthetic ingredients.

27.     Neither Plaintiffs nor any reasonable consumer would expect to find the Preservatives or Synthetic Flavor in Pizzas labeled "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS."

28.     Neither Plaintiffs nor any reasonable consumer would know nor should know that the Pizzas contained the Preservatives and/or the Synthetic Flavor when reviewing the Pizzas' label.

29.     Because of Defendant's deceitful label, Defendant could charge, and Plaintiffs and Class Members paid, a premium for the Pizzas.

30.     The Pizzas, moreover, were worth less than they were represented to be, and Plaintiffs and Class Members paid extra for them due to the "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS" label.

31.     Defendant's misrepresentations violate the ICFA's prohibition of "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the

concealment, suppression or omission of such material fact…in the conduct of any trade or commerce[.]" 815 ILCS 505/2.

## CLASS ALLEGATIONS

32.     Pursuant to 735 ILCS 5/2-801 et. seq., Plaintiffs bring this action on their own behalf and on behalf of a proposed class of ("Class Members" of the "Class"):

> All current Illinois citizens who purchased Red Baron brand Brick Oven Cheese Trio Pizza; Classic Crust Four Cheese Pizza; and/or Thin & Crispy Five Cheese Pizza for personal, family or household purposes in the five years preceding the filing of this Petition (the "Class Period").

33.     Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

34.     Upon information and belief, the Class consists of hundreds of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

35.     There are numerous and substantial questions of law or fact common to all the members of the Class and which predominate over any individual issues.  Included within the common question of law or fact are:

> a.     whether the "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS" claims on the Pizzas' label are false, misleading, and deceptive;

b.      whether Defendant violated the ICFA by selling the Pizzas with false, misleading, and deceptive representations;

c.      whether Defendant's acts constitute deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

d.      whether the label of the Pizzas creates false impressions and has the tendency and capacity to mislead consumers;

e.      whether Defendant breached an express warranty;

f.      whether Defendant was unjustly enriched; and

g.      the proper measure of damages sustained by Plaintiffs and Class Members.

36.     The claims of the Plaintiffs are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiffs and Defendant's conduct affecting Class Members, and Plaintiffs have no interests adverse to the interests other Class Members.

37.     Plaintiffs will fairly and adequately protect the interests of Class Members and have retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

38.     A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

a.      the claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

b.      absent a Class, the Class Members will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoy its ill-gotten gains;

c.      given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the

wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d.   when the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

e.   this action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiffs and Class Members can seek redress for the harm caused to them by Defendant.

39.   Because Plaintiffs seek relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendant.

40.   Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. Therefore, class treatment is a superior method for adjudication of the issues in this case.

## CLAIMS FOR RELIEF

## COUNT I

### Violation of Illinois Consumer Fraud Act

41.   Plaintiffs repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.

42.   The ICFA declares the following to be unlawful: "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any

deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact…in the conduct of any trade or commerce[.]" 815 Ill. Comp. Stat. Ann. 505/2.

43.     Defendant's conduct in advertising and selling the Pizzas as having "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS" when they in fact contain Preservatives and the Synthetic Flavor constitutes unfair methods of competition and unfair or deceptive acts or practices in the conduct of Defendant's trade or commerce.

44.     Defendant intended that Plaintiffs and the Class Members would rely on its "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS" representations. Defendant is aware that consumers like Plaintiffs and Class Members are becoming more and more interested in purchasing products that do not contain potentially harmful preservatives or synthetic flavors. Defendant intended to prey on this interest.

45.     The "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS" misrepresentations are material because they concern the type of information upon which a reasonable consumer would be expected to rely in deciding whether to purchase.

46.     Because Defendant is in the business of selling the Pizzas, Defendant committed the unfair and deceptive acts in the conduct of its trade and commerce.

47.     Defendant's practice of advertising and selling the Pizzas as having a "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS" when they in fact contain the Preservatives and the Synthetic Flavor is also unfair. The practice offends public policy and is immoral, unethical, and unscrupulous because Illinois consumers are increasingly interested in purchasing and using products without preservatives or synthetic flavors. Selling the Pizzas as

having preservative free crusts and being without artificial flavors, when they do not and are not, offends the public's expectation to be told the truth about the products they are buying.

48.     Defendant's conduct causes substantial injury to Plaintiffs and reasonable consumers. Not only are reasonable consumers being misled into purchasing Pizzas that are not what they are represented to be, but Defendant is exposing consumers to unwanted preservatives and synthetic flavors which is substantially injurious.

49.     Neither Plaintiffs nor any reasonable consumer would expect to find the Preservatives or the Synthetic Flavor in Pizzas labeled "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS."

50.     Neither Plaintiffs nor any reasonable consumer when reviewing the Pizzas' labels would know nor should know that Sodium Stearoyl Lactylate, Enzymes and Mono- and Diglycerides are preservatives.

51.     Neither Plaintiffs nor any reasonable consumer when reviewing the Pizzas' labels would know nor should know that Modified Food Starch and Hydrolyzed Soy and Corn Protein operate as an artificial flavoring.

52.     Defendant knowingly, willfully, and intentionally labeled and marketed its Pizzas as having "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS," despite knowing they contained the Preservatives and the Synthetic Flavor.

53.     Knowingly and intentionally including the Preservatives and the Synthetic Flavor in its Pizzas labeled and marketed as having "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS" demonstrates a conscious disregard for Plaintiffs' and Class Members' welfare.

54.     Because the Pizzas are not free of preservatives or artificial flavors as they are represented to be, the Pizzas as sold were worth less than the Pizzas as represented, and Plaintiffs and Class Members paid a premium for them.  Had the whole truth been known, Plaintiffs and Class Members would not have purchased the Pizzas.

55.     Plaintiffs and Class Members were deceived by the "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS" label on the Pizzas and suffered economic damages as a proximate result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Pizzas and the value of the Pizzas if they had been as represented.

## Count II

### In the Alternative, Breach of Express Warranty

56.     Plaintiffs repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.

57.     Defendant made the affirmation of fact and the promise to Plaintiffs and the Class Members that the Pizzas are "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS," guaranteeing to Plaintiffs and the Class Members that the Pizzas were in conformance with the representation.

58.     This affirmation of fact and promise became part of the basis of the bargain in which Plaintiffs and Class Members purchased Defendant's Pizzas, and Plaintiffs and Class Members relied on the affirmation when making their purchasing decisions.

59.     Defendant breached its express warranty that the Pizzas have "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS" by providing Plaintiffs and Class Members with a product that contained the Preservatives and the Synthetic Flavor

60.     As a result of Defendant's breach of warranty, Plaintiffs and the Class Members

have been deprived of the benefit of their bargain in that they bought Pizzas that were not what they were represented to be, and they have spent money on Pizzas that had less value than was reflected in the premium purchase price they paid for the Pizzas.

61.     Because Defendant made the affirmation of fact and promise directly on its own label and packaging, privity is not required to bring this claim.

62.     Because Defendant has actual knowledge that its Pizzas contain the Preservatives and Synthetic Flavor in contravention of its "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS" representations, pre-suit notice of this claim is not required.

63.     Plaintiffs and Class Members suffered economic damages as a proximate result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Pizzas and the value of the Pizzas if they had been as represented.

## Count III

### In the Alternative, Unjust Enrichment

64.     Plaintiffs repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.

65.     By purchasing the Pizzas, Plaintiffs and the Class Members conferred a benefit on Defendant in the form of the purchase price of the Pizzas.

66.     Defendant appreciated the benefit because, were consumers not to purchase the Pizzas, Defendant would have no sales and make no money.

67.     Defendant's acceptance and retention of the benefit is inequitable and unjust and violates the fundamental principles of justice, equity, and good conscience because the benefit was obtained by Defendant's fraudulent and misleading representations about the Pizzas.

68.     Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiffs' and Class Members' expense and in violation of Illinois law, and therefore restitution and/or disgorgement of such economic enrichment is required.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all similarly situated persons, pray the Court:

a.     grant certification of this case as a class action;

b.     appoint Plaintiffs as Class Representative and Plaintiffs' counsel as Class Counsel;

c.     award compensatory damages to Plaintiffs and the proposed Class, or, alternatively, require Defendant to disgorge or pay restitution of its ill-gotten gains;

d.     award pre- and post-judgment interest;

e.     award reasonable and necessary attorneys' fees and costs; and

g.     for all such other and further relief as may be just and proper.

Dated: September 4, 2020          Respectfully submitted,

By:     *David C. Nelson*

David C. Nelson (ARDC 6225722)
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street, P.O. Box Y
Belleville IL 62222
Tel:     618-277-4000
Email: dnelson@nelsonlawpc.com

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel:     314-258-0212
Email: matt@mattarmstronglaw.com

Attorneys for Plaintiffs and the Putative Class

Page 13 of 13
Case No:  20-L-

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
20L0678
St. Clair County
9/4/2020 3:04 PM
10353418

**CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT**
**COUNTY OF ST. CLAIR, STATE OF ILLINOIS**

| | | |
|---|---|---|
| JAMIE JACKSON and TRENTON MCDONALD, individually and on behalf of all other similarly situated current Illinois citizens, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 20-L-0678 |
| v. | ) ) | |
| SFC GLOBAL SUPPLY CHAIN, INC., | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

COME NOW Plaintiffs, Jamie Jackson and Trenton McDonald, individually and on

behalf of all other similarly situated current citizens of Illinois, by and through counsel and move

for certification of a class defined as follows:

> All current Illinois citizens who purchased Red Baron brand Brick Oven Cheese Trio Pizza; Classic Crust Four Cheese Pizza; and/or Thin & Crispy Five Cheese Pizza for personal, family or household purposes in the five years preceding the filing of this Petition (the "Class Period").

> Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

Section 2–801 of the Illinois Code of Civil Procedure, which is patterned after Rule 23 of

the Federal Rules of Civil Procedure, sets forth the prerequisites needed to maintain a class

action. *Uesco Indus., Inc. v. Poolman of Wisconsin, Inc.,* 993 N.E.2d 97, 108 (Ill. App. Ct. 2013) *citing* 735 ILCS 5/2–801 (West 2008). "Given the relationship between these two provisions, federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Id.* Under section 2–801, a class may be certified only if the following four requirements are established: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; (3) the representative parties will fairly and adequately protect the interests of the class; and (4) the class action is an appropriate method for the fair and efficient adjudication of the controversy." *Id.*

"To determine whether the proposed class should be certified, the court accepts the allegations of the complaint as true." *Clark v. TAP Pharmaceutical Products, Inc.,* 343 Ill.App.3d 538, 544–45, 278 Ill.Dec. 276, 798 N.E.2d 123 (2003). "The trial court has broad discretion to determine whether a proposed class satisfies the requirements for class certification and should err in favor of maintaining class [certifications]." *Id.*

### 1. *The Class Is So Numerous that Joinder of All Members is Impracticable.*

The class satisfies the numerosity requirement because there are at least hundreds of people and likely thousands in the class. *See Cruz v. Unilock Chicago,* 383 Ill. App. 3d 752, 767–68, 892 N.E.2d 78, 94 (2008) (finding 80 or 90 class members supports a finding of numerosity.). Where there are a number of potential claimants, and the individual amount claimed by each is small, making redress on an individual level difficult, if not impossible, Illinois courts have been particularly receptive to proceeding on a class action basis. *Phillips v. Ford Motor Co.,* No. 99-L-1041, 2003 WL 23353492, at *2 (Ill. Cir. Ct. Sept. 15, 2003).

## 2. *There Are Questions of Fact and Law Common to the Class and Common Questions Predominate Over Any Questions Affecting Only Individual Members.*

In order to satisfy the second requirement of section 2–801, namely that a common question of fact or law predominates over other questions affecting only individual class members, it must be shown that successful adjudication of the purported class representatives individual claims will establish a right of recovery in other class members. *Ramirez v. Midway Moving & Storage, Inc.,* 378 Ill. App. 3d 51, 54–55, 880 N.E.2d 653, 657 (2007). As long as there are questions of fact or law common to the class and these predominate over questions affecting only individual members of such class, the statutory requisite is met. *Id. citing Slimack v. Country Life Insurance Co.,* 227 Ill.App.3d 287, 292, 169 Ill.Dec. 190, 591 N.E.2d 70 (1992). Determining whether issues common to the class predominate over individual issues requires the court to identify the substantive issues that will control the outcome, assess which issues will predominate, and then determine whether these issues are common to the class. *Id.* Such an inquiry requires the court to look beyond the pleadings to understand the claims, defenses, relevant facts, and applicable substantive law. *Id.* Once the basic determination has been made that a predominating common question of fact or law exists, the fact that there may be individual questions will not defeat the predominating common question." *Id.* The requirement of individual proofs should not be a bar to a class action. *Id.*

Certification require[s] only that there be either a predominating common issue of law or fact, not both. *Martin v. Heinold Commodities, Inc.,* 117 Ill.2d 67, 81, 109 Ill.Dec. 772, 510 N.E.2d 840 (1994). "A class action can properly be prosecuted where a defendant is alleged to have acted wrongfully in the same basic manner as to the entire class." *Phillips v. Ford Motor Co.,* No. 99-L-1041, 2003 WL 23353492, at *2 (Ill. Cir. Ct. Sept. 15, 2003). A common

question may be shown when class members are aggrieved by the same or similar conduct. *Id.*

The common and predominate issue in this case is that Defendant made the same false, misleading, and unfair representation to each and every class member when it sold its product as having a "Preservative Free Crust" and having "No Artificial Flavors" when it, in fact, contains preservatives and artificial flavors. Indeed, the claims of every class member will rise or fall on the resolution of that question. See *Suchanek v. Sturm Foods, Inc.,* 764 F.3d 750, 757 (7th Cir. 2014).

### 3. The Class Representative Will Fairly and Adequately Protect the Interests of the Class.

The purpose of the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim. *Walczak v. Onyx Acceptance Corp.,* 365 Ill.App.3d 664, 678, 302 Ill.Dec. 920, 850 N.E.2d 357 (2006). The test to determine the adequacy of representation is whether the interests of those who are parties are the same as those who are not joined. The interest of the Plaintiffs is the same as the class members because each was harmed in the same way, and each has the same interest in recovering for Defendant's false, deceptive, and unfair labeling.

### 4. A Class Action Is the Appropriate Method For the Fair and Efficient Adjudication of the Controversy.

The fourth requirement for class certification is that the class action is an appropriate method for fairly and efficiently adjudicating the controversy. *Ramirez v. Midway Moving & Storage, Inc.,* 378 Ill. App. 3d 51, 56, 880 N.E.2d 653, 658 (2007). In deciding whether the fourth requirement is met, a court considers whether a class action can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions

seek to obtain.  *Id.*  Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled as well.

Because the first three requirements of class certification have been met here, so, too, has the appropriateness requirement.  Moreover, this class action can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain, because no individual class member would have the resources to pursue his or her claims absent the class mechanism, considering the amount in controversy for each claimant.  *See Suchanek v. Sturm Foods, Inc.,* 764 F.3d 750, 757 (7th Cir. 2014); *see also Phillips v. Ford Motor Co.,* No. 99-L-1041, 2003 WL 23353492, at *9 (Ill. Cir. Ct. Sept. 15, 2003) ("The evidence presented to the Court supports the conclusion that, not only is a class action an appropriate method for the fair adjudication of the disputes between Ford and the Classes, but also that it may be the only means by which these disputes may be efficiently resolved.").

Plaintiffs expressly reserve the right to amend this motion as this case progresses.

WHEREFORE, Plaintiffs respectfully requests that the Court enter an Order (1) certifying the class as defined above; (2) appointing Plaintiffs Jamie Jackson and Trenton McDonald as Class Representatives; (3) appointing David C. Nelson and Matthew H. Armstrong, as Co-Class Counsel, (4) and for such further relief as the Court determines fair and just.

Dated: September 4, 2020

Jamie Jackson and Trenton McDonald, Individually, and on Behalf of a Class of Similarly Situated Individuals, Plaintiffs

By: _David C. Nelson_

David C. Nelson (ARDC 6225722)
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street, P.O. Box Y

Page 5 of 6
Case No.: 20-L-

Belleville, IL 62222
Tel:     618-277-4000
Email: dnelson@nelsonlawpc.com

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis, MO 63144
Tel:     314-258-0212
Email: matt@mattarmstronglaw.com

Attorneys for Plaintiffs and the Putative Class

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
20L0678
St. Clair County
9/4/2020 3:04 PM
10353418

CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR, STATE OF ILLINOIS

| | | |
|---|---|---|
| JAMIE JACKSON and TRENTON MCDONALD, individually and on behalf of all other similarly situated current Illinois citizens, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 20-L-0678 |
| v. | ) ) | |
| SFC GLOBAL SUPPLY CHAIN, INC., | ) ) | |
| Defendant. | ) | |

## ENTRY OF APPEARANCE

NOW COMES MATTHEW H. ARMSTRONG and the law firm of ARMSTRONG

LAW FIRM LLC, and hereby enter their appearance as attorneys of record for Jamie Jackson

and Trenton McDonald in the above entitled proceedings.

Dated:  September 4, 2020          Respectfully Submitted,

By:   _Matthew H. Armstrong_

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis, MO 63144
Tel:    314-258-0212
Email: matt@mattarmstronglaw.com

Attorneys for Plaintiffs and the Putative Class

Page 1 of 1
Case No:  20-L-

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
20L0678
St. Clair County
9/4/2020 3:04 PM
10353418

**CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT**
**COUNTY OF ST. CLAIR, STATE OF ILLINOIS**

| | | |
|---|---|---|
| JAMIE JACKSON and TRENTON MCDONALD, individually and on behalf of all other similarly situated current Illinois citizens, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 20-L-0678 |
| v. | ) ) | |
| SFC GLOBAL SUPPLY CHAIN, INC., | ) ) | |
| Defendant. | ) | |

**ENTRY OF APPEARANCE**

NOW COME DAVID C. NELSON and the law firm of NELSON & NELSON,

ATTORNEYS AT LAW, P.C., and hereby enter their appearance as attorneys of record for the

Plaintiffs, Jamie Jackson and Trenton McDonald, in the above entitled proceedings.

Dated: September 4, 2020

Jamie Jackson and Trenton McDonald, Individually, and on Behalf of a Class of Similarly Situated Individuals, Plaintiffs

By: _____

David C. Nelson (ARDC 6225722)
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street, P.O. Box Y
Belleville, IL 62222
Tel:   618-277-4000
Email: dnelson@nelsonlawpc.com

Attorneys for Plaintiffs and the Putative Class

Page 1 of 1
Case No:  20-L-

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois        )
                         ) S.S.
County of St. Clair      )

Case Number ___20L0678___

Amount Claimed ___Over $50,000.00___

| | |
|---|---|
| JAMIE JACKSON and TRENTON MCDONALD, individually and on behalf of all other similarly situated current Illinois citizens, | SFC GLOBAL SUPPLY CHAIN, INC. |
| **VS** | |
| Plaintiff(s) | Defendant(s) |

Classification Prefix ___L___ Code ___02___ Nature of Action ___Tort___ Code ___2___

Pltf. Atty. ___David C. Nelson___ Code ___6225722___
Address ___420 N. High, P.O. Box Y___
City ___Belleville, IL 62222___ Phone ___618-277-4000___
Add. Pltf. Atty. _____ Code _____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME  SFC GLOBAL SUPPLY CHAIN, INC.,
Registered Agent CT Corp. System Inc.
ADDRESS  1010 Dale St. N.

### SUMMONS COPY

To the above named defendant(s)......:

CITY & STATE  St. Paul, MN 55117-5603

☐ **A.** You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20____
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☒ **B.** You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

**S**

KAHALAH A CLAY, Circuit Clerk
9/4/2020
Elysia Agne

WITNESS, _____ 20____

_____
Clerk of Court
BY DEPUTY: _____

DATE OF SERVICE: _____ 20____
(To be inserted by officer on copy left with defendant or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

SHERIFF'S FEES

Service and return _____$
Miles _____ . . . . . . . . . .$_____
Total . . . . . . . . . . . . . . . . . . . . .$_____

Sheriff of _____ County

_____, Sheriff of _____County

_____, Deputy

**ST CLAIR COUNTY**
**TWENTIETH CIRCUIT COURT, KAHALAH A. CLAY**

**RECEIPT #:** C   000566658                    **DATE:** 09-09-2020               **TIME:** 13:40:18
**RECEIVED OF:** NELSON DAVID C                                                    **MEMO:** 10353418-0
**PART. ID:** 1809
**BY CLERK:** LR
**CHECKS:**

| CASH | CREDIT | CHANGE | OTHER |
|------|--------|--------|-------|
| $0.00 | $314.00 | $0.00 | $0.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|-------------|-------|-------------|---------|--------|
| 20-L-0678 | 2518   PMT:SCHEDULE 1 | | | $314.00 |
| JACKSON VS SFC GLOBAL SUPPLY | | | | |
| PARTY: NELSON DAVID C | | | | |

|  | TOTAL RECEIPT... | $314.00 |
|--|------------------|---------|

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Diane Kirksey
20L0678
St. Clair County
9/21/2020 3:59 PM
10520852

RAMSEY COUNTY SHERIFF'S OFFICE

Return # 47019
Process # C2020004956
Docket # 20L0678
Reference #

| | |
|---|---|
| STATE OF MINNESOTA | } |
| COUNTY OF RAMSEY | } |
| | } |
| | } |
| JAMIE JACKSON AND TRENTON MCDONALD, | } |
| INDIVIDUALLY AND ON BEHALF OF ALL | |
| OTHER SIMILARLY SITUATED CURRENT | |
| ILLNIOS CITIZENS | |
| Plaintiff, | } |
| - vs - | } |
| SFC GLOBAL SUPPLY CHAIN, INC. | } |
| Defendant | } |

AFFIDAVIT OF SERVICE

I, **Moon Chong**, Deputy Sheriff of Ramsey County, hereby affirm that on the **15th day of September, 2020** at **1:50 PM, a SUMMONS; CLASS ACTION COMPLAINT; PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; AFFIDAVIT OF DAMAGES; ENTRY OF APPEARANCE FOR DAVID C. NELSON; ENTRY OF APPEARANCE FOR MATTHEW H. ARMSTRONG**, in the above entitled action, came into my hand for service. That on the **17th day of September, 2020 at 12:15 PM**, in said county and state, I did serve the documents on **SFC GLOBAL SUPPLY CHAIN, INC. at 1010 DALE ST N, ST PAUL, MN 55117** .
By leaving a copy at the place of **SFC GLOBAL SUPPLY CHAIN, INC.**'s usual abode with **PRESCHER, CATHY (INTAKE SPECIALIST)**, a person of suitable age and discretion, at **1010 DALE ST N, ST PAUL, MN 55117** .

**Comments**

**Date Returned 9/17/20**

Signed                                                   Date   09/17/20
       Bob Fletcher
       Ramsey County Sheriff
       By: Deputy Moon Chong
       425 GROVE ST
       ST PAUL, MN 55101
       Phone:

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois )
County of St. Clair ) S.S.

Case Number __20L0678__

Amount Claimed __Over $50,000.00__

JAMIE JACKSON and TRENTON
MCDONALD, individually and on
behalf of all other similarly
situated current Illinois citizens,

VS

SFC GLOBAL SUPPLY CHAIN, INC.

Plaintiff(s)                                    Defendant(s)

Classification Prefix ____L____ Code ___02___ Nature of Action ____Tort____ Code __2__

Pltf. Atty. __David C. Nelson__ Code 6225722   NAME
Address __420 N. High, P.O. Box Y__              SFC GLOBAL SUPPLY CHAIN, INC.,
City __Belleville, IL 62222__ Phone 618-277-4000  Registered Agent CT Corp. System Inc.
Add. Pltf. Atty. _____ Code _____       ADDRESS  1010 Dale St. N.

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

### SUMMONS COPY

To the above named defendant(s)......:

CITY & STATE   St. Paul, MN  55117-5603

☐ A. You are hereby summoned and required to appear before this court at

(court location) _____ at _____M. On _____20____
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☒ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

TO THE OFFICER:
    This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

    This summons may not be served later than 30 days after its date.

S

9/4/2020

Elysia Agne

WITNESS, _____ 20____

_____
                Clerk of Court
BY DEPUTY: _____

DATE OF SERVICE: _____ 20____
(To be inserted by officer on copy left with defendant
or other person)

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
20L0678
St. Clair County
9/4/2020 3:04 PM
10353418

## CIRCUIT COURT FOR THE 20ᵀᴴ JUDICIAL CIRCUIT
## COUNTY OF ST. CLAIR, STATE OF ILLINOIS

| | | |
|---|---|---|
| JAMIE JACKSON and TRENTON MCDONALD, individually and on behalf of all other similarly situated current Illinois citizens, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 20-L- 0678 |
| v. | ) ) | |
| SFC GLOBAL SUPPLY CHAIN, INC., | ) ) | |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiffs, Jamie Jackson and Trenton McDonald, individually and on behalf of all similarly situated current Illinois citizens, alleges the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

## CASE SUMMARY

1.     This case arises out of Defendant SFC Global Supply Chain, Inc.'s ("Defendant") deceptive, unfair, and false merchandising practices regarding its "Red Baron" brand Brick Oven Cheese Trio Pizza; Classic Crust Four Cheese Pizza; and Thin & Crispy Five Cheese Pizza (the "Pizzas").

2.     On the label of the Pizzas, Defendant prominently represents that the Pizzas have a "PRESERVATIVE FREE CRUST" and contain "NO ARTIFICAL FLAVORS" which leads Illinois citizens to believe that the Pizzas do not contain any preservatives in the crust.

3.     The Pizzas, however, contain Sodium Stearoyl Lactylate, Enzymes and Mono- and Diglycerides (the "Preservatives"). Sodium Stearoyl Lactylate and Enzymes work in combination as an anti-staling agent in breads to preserve the softness of the crust during the product's shelf

# LEWISRICE LLC

Leslie Carnemolla
Librarian

lcarnemolla@lewisrice.com
314.444.7679 *(direct)*
314.612.7679 *(fax)*

**Attorneys at Law**

600 Washington Avenue
Suite 2500
St. Louis, Missouri 63101

www.lewisrice.com

September 17, 2020

FILED
ST. CLAIR COUNTY

SEP 2 1 2020

*Kahlah a. Clerk*
CIRCUIT CLERK

43

Mr. Thomas Tedesco
St. Clair County Circuit Clerk's Office
10 Public Square,
Belleville, IL 62220

     Re:    Copy Request

Dear Mr. Tedesco:

    Enclosed please find a business check in the amount of $8.00 and a self-addressed stamped envelope for a copy of the complaint in case number 20-L-0678, *Jamie Jackson and Trenton McDonald v. SFC Global Supply Chain Inc.* Please contact me with any questions you may have.

                Very truly yours,

                Leslie Carnemolla

LEC:
  Enclosures

M/O 9-21-2020
3.54pm km

*Established* 1909

**ST CLAIR COUNTY**
**TWENTIETH CIRCUIT COURT, KAHALAH A. CLAY**

**RECEIPT #: C   000567687**          **DATE:** 09-21-2020          **TIME:** 15:22:24
**RECEIVED OF:** LEWIS RICE LLC                                     **MEMO:** 20L678
**PART. ID:** 1013549                                                        MCDONALD V SFC GLOBAL
**BY CLERK:** BJ
**CHECKS: A   110851**                      $8.00

| CASH | CREDIT | CHANGE | OTHER |
|------|--------|--------|-------|
| $0.00 | $0.00 | $0.00 | $0.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|-------------|-------|-------------|---------|--------|
| | 2546 | PMT:REPRODUCTION OF DOCMT 1PG | | $2.00 |
| | 2548 | PMT:REPRODUCTION OF DOC 2-20 | | $6.00 |
| | | TOTAL RECEIPT... | | $8.00 |

\*   CHECK/CHEQUE IS CONDITIONAL PAYMENT
\* PENDING RECEIPT OF FUNDS FROM BANK. \*

 **St. Clair County**
I L L I N O I S



🏠 > Departments > Circuit Clerk > Courts > Civil Records

Return to Previous Page

| Case Detail | |
|---|---|
| **Case Number:** 20-L-0678 | **Preciding Judge:** NOT ASSIGNED |
| **Case Filing Date:** 09/04/2020 | **Case Type:** TORT MONEY DAMAG OVER 50,000 |
| **Appearance Type:** ** NONE ** | **Case Status:** Open |

| Case Participants (Click on a row for details) | | | | |
|---|---|---|---|---|
| **Participant Name** | **Type** | **Role** | **Status** | **Status Date** |
| JACKSON, JAMIE | PLAINTIFF | Party | | UNKNOWN |
| MCDONALD, TRENTON | PLAINTIFF | Party | | UNKNOWN |
| NELSON DAVID | ATY PLAINTIFF | Party | | UNKNOWN |
| NOT ASSIGNED | Judge | Judicial | | UNKNOWN |
| SFC GLOBAL SUPPLY CHAIN INC | DEFEND PRO SE | Party | | UNKNOWN |

| Register of Actions | | | |
|---|---|---|---|
| **Event Date** | **Event Description** | **Party Type** | **Party Name** |
| 09/21/2020 | DOC:RECEIPT | ADMINISTRATION | |
| 09/21/2020 | DOC:AFFIDAVIT | ADMINISTRATION | |
| 09/09/2020 | ASM:SCHEDULE 1 | ATY PLAINTIFF | NELSON DAVID |
| 09/09/2020 | DOC:RECEIPT | ADMINISTRATION | |
| 09/04/2020 | DOC:SUMMONS ISSUED | ATY PLAINTIFF | NELSON DAVID |
| 09/04/2020 | DOC:OTHER DOCUMENT NOT LISTED | ATY PLAINTIFF | NELSON DAVID |
| 09/04/2020 | DOC:OTHER DOCUMENT NOT LISTED | ATY PLAINTIFF | NELSON DAVID |
| 09/04/2020 | DOC:MOTION | ATY PLAINTIFF | NELSON DAVID |

| 09/04/2020 | DOC:COMPLAINT FILED | ATY PLAINTIFF | NELSON DAVID |
| 09/04/2020 | OPN:CASE FILED | ATY PLAINTIFF | NELSON DAVID |



# St. Clair County
## I L L I N O I S

**County Office Address**

#10 Public Square
Belleville, IL 62220

**Contact Info**

(618) 277-6600
webmaster@co.st-clair.il.us

Copyright ©2020 St. Clair County, Illinois. All rights reserved.

Privacy Statement    Terms Of Use