IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMIE JACKSON AND TRENTON McDONALD, individually and on behalf of all other similarly situated current Illinois Citizens,<br><br>    Plaintiffs,<br><br>vs.<br><br>SFC GLOBAL SUPPLY CHAIN, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  Case No. 3:20-cv-1072-DWD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

The parties notified the Court that they have a discovery dispute. (Doc. 47) They submitted a written discovery report and participated in a motion hearing on May 5, 2021. The parties have also submitted additional briefing regarding the dispute. (Docs. 59, 64 & 68) After the hearing, there remain only three discovery issues: (1) whether Plaintiffs must produce receipts reflecting their purchases of Red Baron pizzas, (2) whether Plaintiffs must produce a certain document attached to their engagement letters, and (3) whether Defendant must categorize the ESI it produced to Plaintiffs.

Regarding the production of purchase receipts, Defendant argues that the receipts are relevant to multiple merits and class certification issues, including adequacy and typicality. (Doc. 70 at 9–11) At the hearing, Plaintiffs asserted that receipts that do not include the purchase of Red Baron pizzas are irrelevant. (Doc. 70 at 11–12) But Defendant contends that evidence that Plaintiffs purchased other groceries that were marketed as

free of preservatives or artificial flavors "goes directly to the materiality of their claims regarding the Red Baron pizzas." (Doc. 70 at 10) The Court finds that all the Plaintiffs' grocery receipts are potentially relevant. Therefore, within 14 days of the entry of this order, the representative plaintiffs must search for and produce all grocery receipts (printed and electronic) from the period relevant to class certification to the present on an ongoing basis. They must keep the original receipts intact and produce copies of the receipts but may redact inedible items from the copies if they wish to do so.

Defendant also seeks a document titled "Duties of Class Representatives" that Plaintiffs' counsel attached to the Contingent Fee Agreement sent to Plaintiffs. Plaintiffs contend that the "Duties of Class Representatives" document constitutes advice of counsel and is therefore privileged. To resolve this dispute, the Court ordered Plaintiffs to submit the "Duties of a Class Representative" document under seal for *in camera* inspection. Plaintiffs did so, and the Court has reviewed document. The Court finds no basis for a claim of privilege. Accordingly, Plaintiffs shall disclose this document within 14 days of the entry of this order.

Finally, Plaintiffs object to the manner in which Defendant has produced ESI. In response to Plaintiffs' 58 document requests, Defendant produced 5,020 documents, which totaled 20,000 pages. (Doc. 59 at 2) Counsel for Defendant argue that they have produced ESI as it is kept in the usual course of business, as required by Federal Rule of Civil Procedure 34(b)(2)(E)(i). However, Rule 34 "is meant to prevent a party from obscuring the significance of documents by giving some structure to the production." *Consolidated Rail Corp. v. Grand Trunk Western R.R. Co.*, 2009 WL 5151745, at *3 (E.D. Mich.

2009). The production of over 20,000 pages of documents with no discernible categorization comes too close to a "document dump." Defendant claims that categorizing the documents by request would be "a fool's errand" (Doc. 70 at 20-21) but acknowledge that the documents include searchable text. (Doc. 59 at 2) Using the searchable text, it should not be overly burdensome for counsel for Defendant to determine which documents correspond to which requests. Thus, the Court relies on its broad discretion when resolving discovery disputes, *see Wilstein v. San Tropai Condo. Master Ass'n*, 189 F.R.D. 371, 375 (N.D. Ill. 1999), to order that counsel for Defendant must categorize the documents so as to indicate which specific request each document is responsive to. Defendant shall produce the categorized ESI within 28 days of the entry of this order.

**SO ORDERED.**

Dated: June 8, 2021

_____
DAVID W. DUGAN
United States District Judge