IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMIE JACKSON AND TRENTON MCDONALD, individually and on behalf of all other similarly situated current Illinois citizens,<br><br>   Plaintiffs,<br><br>vs.<br><br>SFC GLOBAL SUPPLY CHAIN, INC.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)  Case No. 3:20-cv-1072-DWD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court are Defendant SFC Global Supply Chain, Inc.'s ("SFC") Motion to Dismiss (Doc. 73) and Motion to Stay Discovery (Doc. 75). The motions are fully briefed and ripe for decision. (Docs. 74, 76–78, 80 & 85) A hearing was held on the motions on August 12, 2021. (Doc. 86) For the following reasons, the Motion to Dismiss should be granted in part and denied in part, and the Motion to Stay should be denied.

Plaintiffs allege that they purchased SFC's Red Baron frozen pizzas from grocery stores on more than a dozen occasions from 2017 to 2020. The pizza boxes included two labels: "PRESERVATIVE FREE CRUST" and "NO ARTIFICIAL FLAVORS." Plaintiffs claim that they relied on these labels when they decided to purchase the pizzas. However, Plaintiffs allege that the pizzas do contain preservatives and artificial flavors and the labels therefore violate the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et. seq.* ("ICFA"). The Court dismissed Plaintiffs' initial complaint

but without prejudice as to their ICFA and unjust enrichment claims. Plaintiffs subsequently filed an amended complaint (Doc. 63), and SFC responded with the motions now before the Court

## I.  LEGAL STANDARDS

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. Proc. 8(a)(2)). The court will accept all well-pleaded allegations as true. *Iqbal*, 556 U.S. at 678. However, the court will not accept legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). In ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 677–78). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," rather than providing allegations that do not rise above the speculative level. *Arnett*, 658 F.3d at 751–52 (internal quotations and citation omitted).

## II.  ANALYSIS

Count I of Plaintiffs' amended complaint is based upon ICFA, which is "a

regulatory and remedial statute intended to protect consumers . . . against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019) (quoting *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002)). To prevail on a claim under ICFA, "a plaintiff must plead and prove that the defendant committed a deceptive or unfair act with the intent that others rely on the deception, that the act occurred in the course of trade or commerce, and that it caused actual damages." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019); see also *Avon Hardware Co. v. Ace Hardware Corp.*, 998 N.E.2d 1281, 1290 (Ill. App. Ct. 2013) ("To state a claim under [ICFA], a plaintiff must show (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) the deception occurred in the course of trade or commerce; and (4) the consumer fraud proximately caused the plaintiff's injury.")

SFC argues that Plaintiffs have not plead a plausible claim under either the "deceptive" or "unfair" prongs of ICFA. First, SFC argues that Plaintiffs have not shown that the labels were deceptive. As to the "NO ARTIFICIAL FLAVORS" label, Plaintiffs allege that the pizzas contained modified food starch and hydrolyzed soy and corn protein, which they claim are artificial flavors. Plaintiffs assert that these ingredients are "commercially-manufactured and highly processed, and which contain monosodium glutamate (or 'MSG') as a byproduct of the protein processing" (Doc. 63 at 9), but otherwise do not explain why they are artificial.

SFC argues that these ingredients are derived from natural sources and therefore cannot be considered artificial, no matter how much they have been processed. SFC relies

3

on the FDA's regulations which define artificial flavors as substances "the function of which is to impart flavor" but which are not derived from natural sources. 21 C.F.R. § 101.22. As SFC points out, the names of the ingredients suggest that they are derived from soybeans and corn, which are considered natural sources under the FDA's regulations. And Plaintiffs have not alleged any facts suggesting that modified food starch and hydrolyzed soy and corn proteins are derived from artificial sources. *See Wynn v. Topco Assocs., LLC*, No. 19-cv-11104, 2021 WL 168541, at *6 (S.D.N.Y. Jan. 19, 2021) (finding plaintiff had not plausibly alleged that ingredients are artificial where there were no allegations that ingredients were not derived from natural sources). And merely asserting that they are highly processed does not provide a plausible claim of artificiality. As SFC points out, refined cane sugar is highly processed, but no reasonable consumer would consider sugar to be an artificial flavor. (Doc. 74 at 14) Thus, Plaintiffs have not plausibly shown that the "NO ARTIFIICAL FLAVORS" label is false.

Plaintiffs also allege that the pizzas contained sodium stearoyl lactylate, mono- and diglycerides, and enzymes, ingredients which they claim are preservatives. In its April 28 Order dismissing Plaintiffs' complaint, the Court found that Plaintiffs failed to adequately explain how these ingredients act as preservatives. In the amended complaint, Plaintiffs explain that sodium stearoyl lactylate is "a natural food-grade emulsifier" that delays "the onset of staling in breads and crusts." (Doc. 63 at 7) Plaintiffs also explain that mono- and diglycerides function as "food-grade emulsifiers . . . to create a softer crumb and extend the shelf life of breads and crusts by inhibiting or slowing down retrogradation." (Doc. 63 at 7) They also allege that enzymes "inhibit or slow

4

retrogradation of the starches leading to 'dryness,' especially in breads and crusts." (Doc. 63 at 7) The Court finds that Plaintiffs have alleged enough facts to show that the pizzas contained ingredients that function solely as preservatives. Thus, they have sufficiently plead that the "PRESERVATIVE FREE CRUST" label is false.

SFC goes on to argue that Plaintiffs have failed to plead deception with the particularity required by Federal Rule of Civil Procedure 9(b). *See Benson*, 944 F.3d at 646 (holding that ICFA claims based on deceptive conduct are subject to Rule 9(b)). Rule 9(b) "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011). In its April 28 Order, the Court found that Plaintiffs had failed to adequately allege that they were deceived by the labeling, when they were deceived, and how they were deceived. In the amended complaint, Plaintiffs plead facts showing that they were deceived by the labels which falsely claimed that the pizzas had no preservatives or artificial flavors. As discussed above, Plaintiff have alleged facts showing how the labels were deceptive. They also allege that they were deceived every time they read the labels and purchased the pizzas on more than a dozen occasions from 2017 to 2020. SFC does not dispute that the pizza boxes included the labels "PRESERVATIVE FREE CRUST" and "NO ARTIFIICAL FLAVORS." Therefore, the Court finds that the details plead by Plaintiffs provide a plausible claim of deception that satisfies the requirements of Rule 9(b) in this case.

Second, SFC argues that Plaintiffs have failed to plead facts making a plausible

claim of "unfair" conduct under ICFA. "Under the ICFA unfair conduct either (i) offends public policy; (ii) is immoral, unethical, or oppressive; or (iii) causes substantial injury to consumers." *Bonahoom v. Staples, Inc.*, No. 20-cv-1942, 2021 WL 1020986, at *5 (N.D. Ill. Mar. 17, 2021). "False advertising alone is an unfair practice under the ICFA." *Id.* (citing *Benson*, 944 F.3d at 647). As discussed above, Plaintiffs have adequately alleged that the "PRESERVATIVE FREE CRUST" label was a false statement. However, they have not adequately alleged that the "NO ARTIFICIAL FLAVORS" label was false because they have not alleged facts showing that any ingredients were not derived from natural sources. And they have not plead additional facts showing that the labels were unfair for other reasons beyond their formulaic claims that the labels offend public policy and are immoral, unethical, and unscrupulous. (Doc. 63 at 14–15) For these reasons, Plaintiffs have stated a claim for unfair conduct under ICFA as to the "PRESERVATIVE FREE CRUST" label but not as to the "NO ARTIFICIAL FLAVORS" label.

SFC also argues that Plaintiffs have failed to plead an adequate theory of damages. Plaintiffs allege that they paid $3.99 per pizza. They claim that SFC used the deceptive labels to enhance the value of the pizzas and entice Plaintiffs (and other consumers) to pay more for the pizzas than they otherwise would have. Plaintiffs also claim that they would not have purchased the pizzas at all had they known the labels were false. The Court finds that Plaintiffs have plead a plausible theory of damages. *See Biffar v. Pinnacle Foods Group, LLC*, No. 16-873-DRH, 2016 WL 7429130, at *4 (S.D. Ill. Dec. 22, 2016) (finding plaintiff had adequately plead theory of damages by claiming she would not have paid as much (or at all) for a muffin mix absent the deceptive "Nothing Artificial" label).

6

SFC also briefly argues that Plaintiffs' ICFA claim is time-barred in part because ICFA has a three-year statute of limitations and Plaintiffs' proposed class period dates to the five years preceding the filing of their original petition. As this argument relates to the class action nature of this case, the Court will defer this question until it decides the issue of class certification.

Count II of Plaintiffs' Complaint is entitled "In the Alternative, Unjust Enrichment." SFC seeks dismissal arguing that Plaintiffs have failed to make plausible allegations of deception or unfair conduct and that unjust enrichment cannot be maintained as a separate cause of action. "To state a claim for unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Stefanski v. City of Chicago*, 28 N.E.3d 967, 980 (Ill. App. Ct. 2015). However, "[t]he term 'unjust enrichment' is not descriptive of conduct that, standing alone, will justify an action for recovery." *Charles Hester Enterprises, Inc. v. Illinois Founders Ins. Co.*, 484 N.E.2d 349, 354 (Ill. App. Ct. 1985), *aff'd*, 499 N.E.2d 1319 (1986). "Rather, it is a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress or undue influence, and may be redressed by a cause of action based upon that improper conduct." *Id.* Here, Plaintiffs allege in Count II that SFC retains a "benefit [that] was obtained by Defendant's fraudulent and misleading representations about the Pizzas." (Doc. 63 at 16) The "representations" referred to there are identified throughout Plaintiffs' amended complaint. Therefore, Plaintiffs have adequately alleged a plausible claim for unjust

7

enrichment.

Finally, the Court took up SFC's motion to stay discovery at the hearing on August 12. Counsel for Plaintiffs indicated he would need some additional discovery to amend any deficiencies the Court found in the amended complaint. The parties agreed to meet and confer to reach an agreement regarding additional limited discovery to be conducted before Plaintiffs file a second amended complaint. Therefore, the Court will deny the motion to stay with leave to refile should the parties be unable to agree on a discovery plan.

### III.  CONCLUSION

For these reasons, it is ORDERED that Defendant SFC's motion to dismiss (Doc. 73) is **GRANTED in part** and **DENIED in part**. Count I of Plaintiffs' amended complaint is **DISMISSED without prejudice** as it relates to the "NO ARTIFICIAL FLAVORS" label. It is further ORDERED that Defendant SFC's motion to stay discovery (Doc. 75) is **DENIED** with leave to refile should the parties be unable to agree on a plan for discovery to be conducted before Plaintiffs file a second amended complaint. Plaintiffs shall file a second amended complaint on or before **September 15, 2021**.

**SO ORDERED.**

Dated: August 25, 2021

_____
DAVID W. DUGAN
United States District Judge